No. 13-56203

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

Charles Nichols

*Plaintiff-Appellant,*

v.

Edmund Brown, Jr., et al

*Defendants-Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
(2:11-cv-09916-SJO-SS)

PLAINTIFF-APPELLANT NICHOLS' REPLY TO MOTION OF CRPA
FOUNDATION FOR LEAVE OF COURT TO FILE AMICUS CURIAE BRIEF
AND TO PARTICIPATE IN ORAL ARGUMENT

Charles Nichols
PO Box 1302
Redondo Beach, CA 90278
Tel. No. (424) 634-7381
e-mail CharlesNichols@Pykrete.info

In Pro Per

## PLAINTIFF-APPELLANT NICHOLS' REPLY TO MOTION OF CRPA FOUNDATION FOR LEAVE OF COURT TO FILE AMICUS CURIAE BRIEF AND TO PARTICIPATE IN ORAL ARGUMENT

Plaintiff-Appellant Charles Nichols was not served with the "PROPOSED AMICUS CURIAE'S MOTION FOR EXTENSION OF TIME TO FILE BRIEF; DECLARATION OF C.D. MICHEL AND DECLARATION OF SEAN A. BRADY IN SUPPORT THEREOF" and the certificate of service does not claim that Plaintiff Nichols was served, only that it was electronically uploaded to the "CM/ECF system" and "Such notice constitutes service on those registered attorneys." Plaintiff Nichols was not, and is not, registered with the CM/ECF system.

The motion for an extension of time, on pg 3, claimed that "Pro Se Appellant opposes this motion to the extent it may affect the current scheduling order. This was only partially true as Plaintiff Nichols stated in his final email responding to the CRPA request that Plaintiff Nichols did not consent to their filing an Amicus Brief which the CRPA acknowledges on page two of its subsequent "MOTION OF CRPA FOUNDATION FOR LEAVE OF COURT TO FILE AMICUS CURIAE BRIEF AND TO PARTICIPATE IN ORAL ARGUMENT" saying "Defendants-Appellees have consented to the filing of this amicus curiae brief, but Plaintiff-Appellant opposes it." The certificate of service states that it was mailed to the "following

1

non-CM/ECF participants:" but does not state who those participants were. Plaintiff Nichols had not received either of the documents as of September 15, 2013 and only has a copy because he downloaded them from PACER.

The "CRPA FOUNDATION AMICUS BRIEF IN SUPPORT OF NEITHER PARTY" which claims to be an amicus brief and "In Support of Neither Party" lacks the elements one would expect from an Amicus Brief but instead states: This appeal should be stayed pending resolution of those other appeals, or at least pending the furthest advanced, *Peruta v. County of San Diego*, No.10-56971, which was submitted on December 6, 2013, and could be decided any day. The other appeals being *Peruta v. County of San Diego*, No. 10-56971 (*Peruta*); *Richards v. Prieto*, No. 11-16255 (*Richards*); *Baker v. Kealoha*, No.12-16258 (*Baker*); *McKay v. Hutchens*, No. 12-57049 (*McKay*).

The CRPA Foundation has filed a motion to stay stylized as an Amicus Brief.

### *PERUTA* IS ONLY POTENTIALLY RELATED TO PLAINTIFF NICHOLS APPEAL

1. *Peruta* raises five issues on appeal. Even if he were to prevail in all five issues, this would not grant Plaintiff Nichols the relief he seeks. If *Peruta* fails on all five issues, this still would not be dispositive of Plaintiff Nichols' appeal because Plaintiff Nichols raises Fourth and

Fourteenth Amendment issues in his appeal which are not raised in *Peruta*.

2. The legal arguments *Peruta* makes in support of the issues raised in its appeal are different from the arguments Plaintiff Nichols makes in his appeal.

3. *Peruta* does not challenge the constitutionality of any state law. Plaintiff Nichols' appeal explicitly challenges the constitutionality of four subsections to three state laws.

4. *Peruta*, in its appellate opening brief argued extensively to uphold former Penal Code section 12031(a)(1) now codified as PC 25850(a). Plaintiff Nichols' in his appeal seeks to enjoin that very law as applied to firearms openly carried but not its application to concealed carry.

5. *Peruta* seeks to carry loaded, concealed handguns in public. Plaintiff Nichols does not. *Peruta* does not seek to carry long guns.

6. *Peruta* seeks to carry loaded, concealed handguns in public places where even a facial invalidation of the laws at issue in Plaintiff Nichols' appeal would not enable Plaintiff Nichols to carry a firearm. Public places such as in government buildings or within 1,000 feet of a K-12 public or private school or even an unloaded handgun within

1,000 feet of a K-12 public or private school as a permit is required to carry in these public places. Plaintiff Nichols seeks only to openly carry loaded and unloaded firearms in only those places of the state where licensed hunters are exempt from the laws at issue in his appeal and not in places which fall under other state laws such as government buildings, schools, within 1,000 feet of a K-12 school, state parks, court houses, etc.

7. For *Peruta* to succeed, the Court would have to conclude that states can choose the manner in which handguns are carried in public and by having banned the Open Carry of handguns, that somehow entails that the state is required to issue permits for concealed carry absent a heightened need. Every Federal Appellate court which has considered the issue has come to the opposite conclusion: *Hightower v. City of Boston*, 693 F. 3d 61 - Court of Appeals, 1st Circuit (2012); *Kachalsky v. County of Westchester*, 701 F. 3d 81 - Court of Appeals, 2nd Circuit (2012) cert denied; *Drake v. FILKO*, No. 12-1150; Court of Appeals, 3rd Circuit (2013) en banc denied; *Woollard v. Gallagher*, 712 F. 3d 865 - Court of Appeals, 4th Circuit (2013) en banc denied, cert petition pending; *Moore v. Madigan*, 702 F. 3d 933 - Court of

Appeals, 7th Circuit 2012; *Peterson v. Martinez*, 707 F. 3d 1197 - Court of Appeals, 10th Circuit (2013) en banc denied. Even the minority in *Heller* read the decision to say that concealed carry can be prohibited: "But the majority implicitly, and appropriately, rejects that suggestion by broadly approving a set of laws—prohibitions on concealed weapons..." *Heller* dissent at 2851; "I am similarly puzzled by the majority's list, in Part III of its opinion, of provisions that in its view would survive Second Amendment scrutiny. These consist of (1) "prohibitions on carrying concealed weapons"... " *Heller* dissent at 2869.

8. Staying Nichols' appeal or granting the CRPA Amicus is their attempt to reargue *Peruta* at Plaintiff Nichols' expense.

9. Unlike any of the Plaintiffs in *Peruta*, Plaintiff Nichols has a documented "good cause," "heightened need" and "good and substantial reason" for a license to openly carry a firearm in public but California law precludes the issuance of licenses to openly carry handguns in counties with a population of 200,000 or more persons and does not provide, at all, for licenses for private persons to openly carry long guns in public (loaded or unloaded).

10. Even assuming that this court grants *Peruta* his relief, that relief would be limited to the San Diego County Sheriff.

11. The relief that Plaintiff Nichols seeks both on appeal and in his operative complaint (SAC) do not overlap in the slightest with the relief sought by *Peruta*.

12. *Peruta* does not argue that there is a practical advantage to carrying a concealed handgun over openly carrying a handgun, unlike Nichols who argued in the district court that in addition to generally being unconstitutional, concealed carry results in a practical disadvantage when it comes to lawful self-defense.

**MCKAY IS A REHASH OF *PERUTA* AND *RICHARDS***

1. If *Peruta* were to make the "potential" challenge of unconstitutionality a facial challenge and were to add a constitutional challenge to the "good moral character" requirement for being issued a concealed carry permit then *McKay* would be indistinguishable from *Richards* for all intents and purposes.

2. *McKay* raises five issues on appeal. Even if *McKay* were to prevail in all five issues, this would not grant Plaintiff Nichols the relief he seeks. If *McKay* fails on all five issues, this still would not be dispositive of Plaintiff Nichols appeal because Plaintiff Nichols raises

Fourth and Fourteenth Amendment issues in his appeal which are absent from the issues raised in *McKay* on appeal.

3. The legal arguments *McKay* makes in support of the issues raised in its appeal are different arguments from those made by Plaintiff Nichols in his appeal.

4. For the first time in *McKay*, the CRPA Foundation raises a "potential" claim of unconstitutionality to California's "good cause" requirement for the issuance of a concealed carry permit and this claim was made after filing its appeal. A claim not made in *Peruta*.

5. The *McKay* operative complaint (FAC) limits that potential claim to challenging solely California Penal Code section 26150(a)(2), the "good cause" requirement for being issued a permit. Even then, *McKay* challenges this section only in the alternative.

6. *McKay* cannot shoehorn an Open Carry challenge into its appeal. *McKay* does not challenge the population and residency requirements of PC 26150 which limit the issuance of Open Carry handgun licenses to residents of counties with a population of 200,000 or more people and which restricts the validity of those licenses only to the county of issuance.

7. If this Court were to conclude that any part of Plaintiff Nichols' appeal fails because of a real or imagined delay, *McKay* fails because the law *McKay* now "potentially" challenges was enacted in 1923.

8. *McKay* is based on the same flawed legal argument made by *Peruta* and *Richards*, that states can ban the Open Carry of handguns and having done so, this somehow entitles the *McKay* Plaintiffs to a permit to carry a concealed, loaded handgun in public.

9. *McKay* presents only a facial challenge to the "good cause" requirement of PC 26150(a)(2) and even then it is only in the alternative. *McKay* makes only an as-applied challenge to the Sheriff's policy. *McKay* does not make an as-applied challenge to the state law.

### *BAKER* IS A CASE OUT OF THE STATE OF HAWAII

1. *Baker* appeals the denial of his preliminary injunction seeking a host of things completely unrelated to Plaintiff Nichols' appeal. The closest Baker comes to being related to Plaintiff Nichols' appeal is that he seeks a license "[T]o bear a concealed or openly displayed firearm, including a handgun or pistol, in public..."

2. Unlike *Baker*, Plaintiff Nichols does not seek a license to carry a firearm concealed or a license to openly carry a firearm. California,

8

unlike Hawaii, does not provide for the issuance of licenses to openly carry handguns in counties where 94% of the population resides and California, unlike Hawaii, does not provide for the issuance of licenses to carry long guns to private persons.

3. If *Baker* is successful, he will be able to carry openly or concealed a firearm in public places where hunting is prohibited. If Plaintiff Nichols is successful then the scope of Plaintiff Nichols' injunction is limited to those areas of the state where licensed hunters are exempt from the laws at issue in Plaintiff Nichols' appeal and Plaintiff Nichols will not be able to carry a weapon concealed except as currently permitted by California state law.

4. If *Baker* is granted the relief he requests, Plaintiff Nichols would still be unable to openly carry a loaded and unloaded firearm.

5. The closest component of the lone issue *Baker* raised in its appeal to Plaintiff Nichols appeal is the district court finding in Hawaii that the Second Amendment is limited to the interior of one's home. The district court in denying Plaintiff Nichols' motion did not conclude that the Second Amendment is limited to the interior of one's home although the district court clearly favored that interpretation. Instead,

the district court said: "Here, to succeed on his claims Plaintiff would have to establish both that (1) he has a fundamental Second Amendment right to openly carry a firearm in public; and that (2) the Challenged Statutes constitute an unconstitutional burden on that right." The district court then explicitly applied rational review to Plaintiff Nichols' Fourteenth Amendment claims (including to the suspect classification of race), applied rational review purporting to be intermediate scrutiny to Plaintiff Nichols Second Amendment Claim and did not even entertain what level of scrutiny applied to Plaintiff Nichols' remaining claims.

## CONCLUSION

The CRPA Foundation is partial to the outcome of Plaintiff Nichols' case. Based upon their theory of the Second Amendment, they can only prevail if Plaintiff Nichols fails. Even if Plaintiff Nichols fails in his Second Amendment argument, he will ultimately succeed in his Fourteenth Amendment argument because Plaintiff Nichols has proved the sole motivating factor in enacting California's ban on openly carrying loaded firearms in public was to disarm racial minorities and the Attorney General's own publications state and show the ban is disproportionately enforced on minorities. The CRPA has not presented any information that is timely or useful, certainly not of any use beyond their own

interests. Nor has the CRPA Foundation given any example of how either Plaintiff Nichols or the appellees has not competently represented their respective positions.

If anything, oral arguments in Plaintiff Nichols' appeal should be scheduled before the same three judge panel that is hearing oral arguments in *McKay* on October 7th or assigned to the *Peruta* panel, if possible.

In the alternative, if Plaintiff Nichols is incorrect and there is no Second Amendment right to openly carry a loaded or unloaded firearm for the purpose of self-defense in those areas of the state where licensed hunters are exempt, or even in the curtilage of one's home then *Peruta* and *Richards* cannot possibly prevail.

Perhaps it is *Peruta* and *Richards* which should be stayed pending a resolution of Plaintiff Nichols' appeal?

The CRPA Foundation motion should be denied.

Date: September 15, 2013                    Respectfully Submitted,

                                            Charles Nichols
                                            Plaintiff-Appellant
                                            In Pro Per

11

# CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2013, I have filed and served the foregoing **PLAINTIFF-APPELLANT NICHOLS' REPLY TO MOTION OF CRPA FOUNDATION FOR LEAVE OF COURT TO FILE AMICUS CURIAE BRIEF AND TO PARTICIPATE IN ORAL ARGUMENT** by causing an original and seven copies of the document and any attachments to be delivered to the Clerk of the Court by United States Mail and two copies by United States Mail to:

Jonathan Michael Eisenberg, Deputy Attorney General
Direct: 213-897-6505
CALIFORNIA DEPARTMENT OF JUSTICE
Suite 1702
300 S. Spring Street
Los Angeles, CA 90013
Attorney of Record for Appellees

Carl D. Michel, Esquire, Senior Attorney
Direct: 562-216-4444
Michel & Associates, P.C.
Suite 200
180 E. Ocean Blvd.
Long Beach, CA 90802
Attorney of Record for Amicus Curiae - Pending

Charles Nichols
Plaintiff-Appellant
In Pro Per